**JUDGE COTE**

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
BRIESE SCHIFFAHRTS GmbH
& CO. KG MS "HATZUM"
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

08 CV 00212

RECEIVED
JAN 10 2008
U.S.D.C. S.D. N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIESE SCHIFFAHRTS GmbH & CO. KG  :
MS "HATZUM"                       :
                                  :
                      Plaintiff,  :   08 Civ.      (   )
                                  :
         - against -              :   **VERIFIED COMPLAINT**
                                  :
CERTIFIED FIRST RESOURCES         :
(INTERNATIONAL) PTY LIMITED,      :
                                  :
                     Defendant.   :
------------------------------------------------------------X

Plaintiff, Briese Schiffahrts GmbH & Co. KG MS "Hatzum" ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant, Certified First Resources (International) Pty Limited ("Defendant"), alleges on information and belief as follows:

1.  This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333 and the admiralty and maritime jurisdiction of this Honorable Court.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Germany with an office and place of business at Leer, Germany.

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of Australia with an office and place of business at 45-51 Cross Street, Double Bay, New South Wales 2028, Australia.

4. At all material times, Plaintiff was and is the registered owner of the M/V BBC AMAZON, a vessel engaged in the carriage of merchandise by water for hire.

5. On or about November 15, 2007, Defendant, as shipper, delivered to the BBC AMAZON a certain quantity of bulk cargo said to be "sintered iron ore" for carriage by Plaintiff from the port of loading, Port Kembla, Australia, to Dalian, China in accordance with the terms and conditions of certain bills of lading issued for and on behalf of the Master of the vessel which bills of lading also incorporated the terms and conditions of a charter party calling for application of English law and arbitration of disputes in London and also incorporating Hague-Visby Rules, i.e, the International Brussels Convention 1924, as amended by the Protocol signed at Brussels on February 23, 1968 ("Hague-Visby Rules").

6. The particular cargo shipped by the Defendant was not a safe cargo, but, instead, in breach of the bill of lading and Hague-Visby rules, and unknown to Plaintiff was misdescribed and was, in fact, a dangerous cargo which caused an explosion in the vessel's cargo hatch covers at hold No. 1.

7. In particular, this explosion caused injury to a crewman, leading to hospital expenses, vessel deviation and fuel costs, and repatriation costs to Plaintiff respecting the crewman in the amount of $18,862.52, with further costs and expenses as yet unknown.

8. Said explosion also caused damage to the vessel's hold, hatch covers and other parts of the vessel requiring shipyard repair costs in the estimated amount of $450,000. In addition, repairs to the vessel will require that the vessel be removed from service at a loss to Plaintiff in vessel time of some $339,512.50 and fuel to deviate for repairs and during repairs in the estimated amount of $111,397.85 for total estimated shipyard repair, fuel and loss of time costs of $900,910.35.

9. Plaintiff reserves the right to amend the foregoing estimates as further damages become known.

10. Plaintiff has presently suffered damages by reason of Defendant's actions and breach of the bill of lading contract and governing law in the principal amount of $919,772.87, excluding interest and costs.

11. Costs, including solicitor's fees and arbitrators' fees and arbitration expenses are routinely awarded to the successful party in London arbitration and Plaintiff claims the total of $250,000 representing a reasonable estimate for same to present and determine Plaintiff's claim in London, including any appeals.

12. Compound interest is also routinely awarded to the prevailing party in London on the principal amount of Plaintiff's claim and Plaintiff claims compound interest at 6%, calculated at four month intervals for a period of 3 years, or the sum of

3

$179,924.29, the said period of time being a reasonable estimate for resolution of the claim in arbitration in London, including appeals.

13. By reason of the foregoing premises, Defendant owes Plaintiff the total sum of $1,349,697.16 as best as can presently be calculated.

14. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

    A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

    B. That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing or otherwise the property of the Defendant up to the amount of $1,349,697.16 to secure Plaintiff's

claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

    C.    That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

    D.    That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London arbitration in accordance with the governing contract.

    E.    That Plaintiff have such other, further and different relief as may be just and proper.

Dated:  New York, New York
          January 10, 2008

                              NOURSE & BOWLES, LLP
                              Attorneys for Plaintiff
                              BRIESE SCHIFFAHRTS GmbH
                              & CO. KG MS "HATZUM"

                              By:_____
                                Armand M. Paré, Jr. (AP-8575)
                                One Exchange Plaza
                                At 55 Broadway
                                New York, NY 10006-3030
                                (212) 952-6200

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____
ARMAND M. PARÉ, JR.

Sworn to before me this
10th day of January, 2008

_____
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. in Queens Cty.
Commission Expires Nov. 17, 2009

6